Mr. Charles Schnebelen, President Arkansas Resort Gaming Corporation 57 Cliffwood North Little Rock, AR 72118
Dear Mr. Schnebelen:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 POPULAR NAME AN AMENDMENT TO EXEMPT HOMESTEAD PROPERTY FROM AD VALOREM TAXES AND TO REPLACE LOST REVENUE WITH TAXES IMPOSED ON THE INCOME PRODUCED BY THE STATE-WIDE LEGALIZATION OF BINGO AND CASINO WAGERING IN CERTAIN COUNTIES.
 BALLOT TITLE AN AMENDMENT TO EXEMPT ALL OWNER-OCCUPIED HOMESTEADS NOT EXCEEDING FIVE ACRES, REGARDLESS OF VALUE, FROM ALL AD VALOREM PROPERTY TAXES; PROVIDING FOR MONTHLY DISTRIBUTIONS TO EACH COUNTY COLLECTOR FROM STATE GENERAL REVENUES OF ONE-TWELTH OF THE ANNUAL REVENUE LOST AS A RESULT OF THE EXEMPTION GRANTED IN THIS AMENDMENT; PROVIDING FOR ALLOCATION OF THAT AMOUNT TO THE TAXING UNITS BY THE COUNTY COLLECTOR IN ACCORDANCE WITH THE LAST REVENUE CALCULATIONS; LIMITING THE PROVISIONS OF THE AMENDMENT TO THE TAXING UNITS IN PLACE AT THE TIME OF THE ADOPTION OF THE AMENDMENT, AND TO THE RETIREMENT OF THEIR EXISTING INDEBTEDNESS; AUTHORIZING THE GAME OF BINGO TO BE CONDUCTED STATEWIDE BY CHARITABLE, CHURCH, RELIGIOUS, EDUCATIONAL, VETERANS, FRATERNAL SERVICES, MEDICAL, VOLUNTEER FIRE OR RESCUE SERVICES OR SENIOR CITIZENS ORGANIZATIONS RECOGNIZED AS QUALIFIED 501(C) OR EQUIVALENT, AND APPROVED BY THE INTERNAL REVENUE SERVICE AS EXEMPT FROM FEDERAL TAXES FOR A PERIOD OF FIVE YEARS PRIOR TO APPLICATION; LEVYING A FIVE PERCENT TAX UPON THE NET PROCEEDS OF SUCH OPERATIONS, TO BE DEPOSITED IN THE STATE GENERAL REVENUE FUND ON OR BEFORE THE 15TH DAY OF EACH MONTH, FOR THE PURPOSE OF REIMBURSING THE STATE TREASURY FOR FUNDS DISBURSED UNDER THIS AMENDMENT; AUTHORIZING CASINO GAMING TO BE CONDUCTED BY ARKANSAS RESORT AND GAMING CORPORATION, AN ARKANSAS CORPORATION, ONLY IN SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN, CARROLL, AND JEFFERSON COUNTIES; LEVYING A FIFTEEN PERCENT TAX UPON THE HANDLE (DEFINED AS "THE TOTAL, MEASURED ON A MONTHLY BASIS, OF CASH RECEIVED AS WINNINGS, CASH RECEIVED IN PAYMENT OF CREDIT EXTENDED BY ARKANSAS RESORT AND GAMING CORPORATION TO A PATRON FOR PURPOSES OF GAMING AND COMPENSATION RECEIVED FOR CONDUCTIN ANY GAME IN WHICH ARKANSAS RESORT AND GAMING CORPORATION IS NOT A PARTY TO THE WAGER, LESS THE TOTAL OF ALL CASH PAID OUT AS LOSSES TO PATRONS AND THOSE AMOUNTS PAID TO PURCHASE ANNUITIES TO FUND LOSSES PAID TO PATRONS OVER SEVERAL YEARS WHICH IS THE ADJUSTED GROSS WIN"), TO BE DEPOSITED IN THE STATE GENERAL REVENUE FUND ON OR BEFORE THE 15TH DAY OF EACH MONTH, FOR THE PURPOSE OF FURTHER REIMBURSING THE STATE TREASURY FOR FUNDS DISBURSED UNDER THIS AMENDMENT; DEFINING THE TERMS "CASINO," "CASINO GAMING," AND "HANDLE"; PROVIDING THAT THE GAMES AND DEVICES SPECIFIED IN THE AMENDMENT ARE TO BE PERMITTED ONLY AT LOCATIONS OPERATED BY ARKANSAS RESORT AND GAMING CORPORATION, AND SHALL NOT BE CLASSIFIED AS LOTTERIES UNDER ARTICLE 19, SECTION 14 OF THE ARKANSAS CONSTITUTION; PERMITTING CASINOS TO OPERATE ANY DAY AND FOR ANY PORTION OF A 24-HOUR DAY; REQUIRING ARKANSAS RESORT AND GAMING CORPORATION TO ABIDE BY THE RULES OF THE ALCOHOLIC BEVERAGE CONTROL BOARD, EXCEPT THAT ARKANSAS RESORT AND GAMING CORPORATION SHALL BE PERMITTED TO SELL OR PROVIDE ALCOHOLIC BEVERAGES DURING ALL HOURS THAT THEY OPERATE; PROVIDING THAT ENCUMBRANCES INCURRED BY ARKANSAS RESORT AND GAMING CORPORATION AND BY PATRONS OF THEIR OPERATIONS ARE TO BE ENFORCEABLE BY LAW; PROVIDING THAT ALL SHIPMENTS OF GAMING DEVICES PURSUANT TO FEDERAL LAW INTO ANY COUNTY IN ARKANSAS WHERE CASINO GAMING IS AUTHORIZED SHALL BE DEEMED LEGAL; PROVIDING FOR THE LIBERAL CONSTRUCTION OF THE AMENDMENT TO ASSURE REPLENISHMENT OF THE GENERAL REVENUE FUND; PROHIBITING THE STATE, COUNTIES, AND CITIES FROM PASSING ANY LAW OR REGULATION, INCLUDING THE IMPOSITION OF ANY LICENSE FEES, SUPERVISION, BUREAUCRATIC COMMISSION, OR NUISANCE TAX, THAT WOULD HINDER THE LEGITIMATE PURPOSE OF THE ACTIVITIES AUTHORIZED BY THIS AMENDMENT; PROVIDING FOR THE SEVERABILITY OF THE PROVISIONS OF THE AMENDMENT; PROVIDING FOR THE INAPPLICABILITY TO THE AMENDMENT OF ANY INCONSISTENT PROVISIONS OF LAW; AND PROVIDING THAT THE AMENDMENT IS NOT INTENDED TO AFFECT PARI-MUTUEL WAGERING AS CURRENTLY AUTHORIZED, OR ANY GAMING PROHIBITIONS NOT SPECIFICALLY AUTHORIZED BY THE AMENDMENT.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title, under the above precepts, I find that they should be approved as submitted.
I reiterate that the Attorney General's responsibility under A.C.A. §7-9-107 is limited to assuring the provision of a suitable and correct popular name and ballot title that constitute an impartial summary of your proposed amendment. I believe a cautionary note is warranted, however, due to the significance of the subject matter undertaken, i.e., taxation and legalized gaming, and the complexity and far-reaching effects of this proposed amendment. You should be aware that Arkansas case law reflects a direct correlation between the length and complexity of initiated constitutional amendments and their susceptibility to a successful ballot title challenge. Any ambiguity in the text of a measure, even though summarized accurately or verbatim in the ballot title pursuant to A.C.A. § 7-9-107, could lead to a successful challenge. Amending the Arkansas Constitution is a matter of the utmost seriousness. For this reason, I urge you to evaluate your text in light of these concerns, perhaps under the guidance of private counsel or experts of your choosing, in order to be assured that no ambiguities, problems of implementation, or unintended consequences would arise from the actual text of your proposed measure.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure